UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE SPURGEON, MICHAEL SPURGEON, and MARTIN NIPPLE, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKESIDE AT WALNUT HILLS, LLC, CHIMERA PROPERTY MANAGEMENT, LLC, and DANIEL C. FOLLIS, <br><br> Defendants. | Case No.: 1:19-cv-00581 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against Defendants, the owners, managers, and operators of the Lakeside at Walnut Hills Apartment Complex ("Lakeside") – a community located at 644 Lakeside Drive, Plainfield, Indiana 46168 for discriminating against Plaintiffs on the basis of disability in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*, and for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the ADA Amendments Act of 2008 ("ADAAA").

### II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. §1391 in that the events alleged herein took place in Hendricks County, Indiana.

### III.   PARTIES

**Julie Spurgeon, Michael Spurgeon, and Martin Nipple**

4. Plaintiff Julie Spurgeon, and Michael Spurgeon are a married couple. They were tenants of Lakeside and shared their apartment with Martin Nipple who is handicapped as defined by the Fair Housing Act, and Americans with Disabilities Act, as amended.

**Defendants**

5. Upon information and belief, Lakeside of Walnut Hills, LLC is an Indiana Limited Liability Company and is the owner of the Lakeside apartment complex. Chimera Property Management, LLC is an Indiana Limited Liability Company with its offices located at 133 West Market Street, Suite 205, Indianapolis, IN 46204, and was the property management company that managed Lakeside.

6. Upon information and belief, Daniel C. Follis, is the managing member of both Lakeside of Walnut Hills, LLC and Chimera Property Management, LLC.

7. Daniel C. Follis was the property manager at Lakeside during the times relevant to Plaintiffs' Complaint. Daniel C. Follis as Manager of the Lakeside property was involved in the day-to-day management of the community and was acting within the scope of his employment making leasing decisions and management decisions on behalf of his companies in the operation and maintenance of Lakeside.

### IV.   STATEMENT OF FACTS

8. Plaintiffs, Michael and Julie Spurgeon signed a lease agreement with Lakeside at Walnut Hills, LLC on February 3, 2017. Mr. and Mrs. Spurgeon are not disabled.

9. Martin Nipple was added to the Spurgeon's Lease on July 7, 2017. Mr. Nipple is disabled as defined by the Fair Housing Act and the Americans with Disabilities Act

having been diagnosed with Chronic Obstructive Pulmonary Disease, Psoriatic Arthritis, and Osteoarthritis.

10. When Mr. Nipple moved in to the apartment, he requested an accommodation that a handicapped parking spot be designated in front of his apartment because his disability prevents him from walking long distances.

11. Mr. Nipple provided proof of his disability, and Defendants accommodated him by placing a handicapped parking sign in front of Plaintiffs' apartment.

12. Defendants made similar accommodations for other handicapped residents of Lakeside by placing handicapped parking signs in front of their apartments.

13. On or about November 14, 2018, Defendants unilaterally removed all of the handicapped parking signs from Lakeside.

14. When Plaintiffs questioned the office manager, Donna Schueller, about the removal of the signs, she advised Plaintiffs via text message that, "Dan the owner took them out and that he is no longer going to have a policy that involves people turning in handicap info."

15. On or about November 26, 2018, Julie Spurgeon and Martin Nipple contacted the City of Plainfield to inquire about the legality of removing the signs for handicapped parking. They were instructed to send a certified letter to Daniel C. Follis.

16. That same day, Mr. Nipple sent a certified letter to Daniel C. Follis stating that he needed the handicapped parking sign to comfortably and safely live on the premises.

17. On or about December 5, 2018, a 30 Day Notice of Termination of Vacancy was placed on the Plaintiffs' apartment door requiring that they move out by January 4, 2019.

18. Plaintiffs complied with the termination, and vacated the apartment.

## V. LEGAL FRAMEWORK
### A. FEDERAL LAW

19. The Fair Housing Act, 42 U.S.C. §3604 (b), provides that it is unlawful to discriminate against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, disability, or national origin."

20. Plaintiffs allege that Defendants have violated 42 U.S.C. §3604 (b) by discriminating against tenants in the provision of services or facilities in connection with the rental of dwellings because of tenants' disability including but not limited to creating and maintaining a hostile environment.

21. The Fair Housing Act, 42 U.S.C. §3604 (c), prohibits the landlord from making, or causing to be made, any statement "with respect to the sale, or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, disability, familial status, or natural origin, or an intention to make any such preference, limitation, or discrimination."

22. Plaintiffs allege that Defendants violated 42 U.S.C. §3604(c) by making statements with respect to the rental of dwellings that indicated preference, limitation or discrimination based on tenants' natural origin, race, color, familial status, and disability or an intention to make such a preference, limitation, or discrimination.

23. The Fair Housing Act, 42 U.S.C. §3617, prohibits the landlord from coercing, intimidating, threatening, or interfering "with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in exercise or enjoyment of, any right granted or protected by §3603, 3604, 3605, or 3606 of this title."

24. Plaintiffs allege that Defendants have violated 42 U.S.C. §3617 by forcing their eviction after complaining about the removal of the handicapped parking sign.  Plaintiffs allege that Defendants have discriminated against tenants under 42 U.S.C. §3604(f)(3) (B) by refusing  "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling."

25. Plaintiffs allege that Defendants have discriminated against tenants under 42 U.S.C. §3604(f)(3)(A) by removing the handicapped parking space that was necessary to afford Plaintiffs full enjoyment of the premises.

26. The apartments offered for rent at the Lakeside community constitute dwellings within the meaning of the federal Fair Housing Act, 42 U.S.C §3602(b).

VI.   CLAIMS
A.  FIRST CLAIM FOR RELIEF
[Fair Housing Act, 42 U.S.C. § 3601 *et seq*]

27. Plaintiffs re-allege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

28. Defendants have injured Plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

29. When Plaintiffs complained about the violation of the Fair Housing Act, Defendants immediately gave them notice of eviction, in retaliation for exercising their rights under the law.

### B.  SECOND CLAIM FOR RELIEF – HARRASSMENT

30. Plaintiff's re-allege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

31. Defendants engaged in acts directed at Plaintiffs which seriously alarmed, annoyed and harassed Plaintiffs in which there is no legitimate purpose.

32. Defendants' course of conduct would have caused any reasonable person to suffer substantial emotional distress.

33. Plaintiffs suffered and continue to suffer substantial emotional distress because of Defendants' actions as set forth above.

34. Defendants acted maliciously, oppressively, and with the intention of hurting Plaintiffs, and with an improper and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages in an amount according to proof.

### C.  THIRD CLAIM FOR RELIEF
### [Negligence]

35. Plaintiffs re-allege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

36. Defendants owe Plaintiffs a duty to operate the Lakeside community in a manner that was free from unlawful discrimination and in accordance with the standards of care for the industry.  Defendants negligently violated that duty.  Defendants' breach of that duty was a result of negligence, including but not limited to: a) Defendants' negligent failure to train the employees and themselves regarding the requirements of state and federal fair housing laws; b) Defendants' negligence in failure to hire persons who were familiar with the requirements of state and federal fair housing laws; and, c) Defendants negligent

failure to operate the Lakeside community in accordance with the standard of care in the industry.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a permanent injunction prohibiting Defendants from continuing all unlawful practices complained about herein and imposing affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all other persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of national origin, race, color, disability, or familial status.
2. For a judicial declaration that Defendants discriminated against Plaintiffs on the basis of disability.
3. For an award of compensatory, statutory, and punitive damages according to proof.
4. For reasonable attorney's fees and costs.
5. For such other and further relief as this court deems proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiffs*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
01-083

## VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury.

                Respectfully submitted,

                GOODIN ABERNATHY, LLP

                /s/ Christopher E. Clark
                Christopher E. Clark, #18577-29
                *Attorney for Plaintiffs*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F: 317/574-3095
cclark@goodinabernathy.com
01-083